IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **ZACHARY KIRKLAND,**<br><br>      **Plaintiff,**<br> -against-<br><br>**DELI MANAGEMENT, INC., d/b/a JASON'S DELI,**<br><br>      **Defendant.** | No. 4:21-cv-00185-RSB-CLR |

**JOINT MOTION FOR STIPULATED JUDGMENT
APPROVING FLSA SETTLEMENT AGREEMENT**

Plaintiff Zachary Kirkland ("Plaintiff" or "Kirkland") and Defendant Deli Management, Inc., d/b/a Jason's Deli ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

**STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Plaintiff worked for Defendant at a company-owned restaurant location within this district as an Assistant Manager 3A and 2A ("AM 3A" and "AM 2A"), below the in-store management levels of Assistant Manager 1A and General Manager. Defendant contends that Plaintiff's claims are entirely barred by the FLSA's default two year statute of limitations, but admits that if Plaintiff succeeded in carrying his burden of proving a "willful" violation in order to trigger a third year limitations period, Plaintiff worked in those Assistant Manager 2A/3A positions during that third

1

year from approximately April, 2016 through September, 2016. (Answer [ECF 7], ¶ 5, and First and Second Defenses)

Plaintiff initially filed his unpaid overtime claims against Defendant as an opt-in Plaintiff in *Florence v. Deli Management, Inc.*, d/b/a Jason's Deli (No. 1:18-cv-04303-SCJ) (N.D. Ga) ("*Florence*"). Plaintiff Kirkland opted-into that action on March 12, 2019. The named and opt-in plaintiffs in *Florence* obtained discovery from Defendant regarding its policies and practices, including extensive document production and conducting a Rule 30(b)(6) deposition of Defendant's designated representatives. Plaintiff Kirkland was selected as a discovery opt-in, and after producing documents related to both Plaintiff Kirkland's individual claims and the broader collective action claims, Defendant deposed Plaintiff Kirkland on January 29, 2020 in the *Florence* action. On March 8, 2021, the Court in *Florence* granted Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs, with tolling through March 28, 2021. Plaintiff Kirkland then refiled his claims raised in the *Florence* action in this Court, seeking to recover alleged unpaid minimum wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that he was misclassified as exempt from the FLSA's overtime pay requirements.

After extensive settlement negotiations between counsel by videoconference in compliance with the Court's directives, the parties reached agreement to settle the case, consented to proceed before the Magistrate Judge as to all matters in the action, and now request this Court's entry of a stipulated judgment approving the parties' settlement agreement.

  A. <u>Settlement</u>.

The Court's Rule 26 Instruction Order [ECF 3] required the parties to "discuss…the

possibilities for a prompt settlement or resolution of the case" and to "not only explore the feasibility of alternative dispute resolution between themselves, but shall also discuss the potential for settlement and alternative dispute resolution with their clients as well." The parties complied in full, engaging in a videoconference settlement negotiation between counsel involving conferral with their respective clients, which resulted in reaching agreement to all material terms of settlement. The parties executed a final agreement as to all material terms reached on October 28, 2021 ("Agreement"), attached hereto as Exhibit 1.

The parties reached agreement to settle Plaintiff's claims by Defendant's payment of $8,402.00, inclusive of all damages, fees and costs, attributable to his individual claims (without settling or otherwise affecting any claims that any of the decertified opt-in Plaintiffs may individually have to damages, and to fees and costs incurred prior to decertification, in this litigation), pursuant to the specific limited release terms set forth in Section 6 of the Agreement.

Although the language of the Agreement is controlling over any summary of terms herein, as a summary of releases provided in exchange for the mutual agreement to settle this case, Plaintiff provides a release limited in scope to (i) his individual claims for failure to pay all required amounts due for overtime hours worked; (ii) any other of his individual claims that he could have brought under the FLSA or any state or local law regarding the payment of minimum wages or overtime, provided that such claims arise out of the facts pleaded in his Complaint in the litigation and had accrued as of the date of the release; and (iii) any rights that he may have to claim reimbursement from Defendant for attorneys' fees, litigation costs, or expenses that he may have incurred in the course of obtaining legal services on his claims described in the preceding subparagraphs (i) and (ii) above, except for the payment specifically provided for in the Agreement, without releasing any claims any decertified opt-in Plaintiff may have to damages

3

and/or attorney's fees and costs incurred.[1] Defendant provides a release limited in scope to its claims against Plaintiff based upon acts or facts which have occurred from the beginning of time to the date of the Agreement, arising out of or related to the facts alleged in the Complaint or the bringing of the Complaint itself.

The Parties expressly agreed to jointly submit the Agreement to this Court requesting the Court's entry of stipulated judgment approving settlement.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-54). Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as

---

[1] *See* Agreement, Sections 6(a) and (b). Plaintiff is not releasing any other claims, and Plaintiff's release shall not have res judicata, collateral estoppel, or other claim preclusion effect on any claims not expressly released in the Agreement. *Id.*, at ¶ 6(b)(ii).

4

FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

As reflected in the attached Agreement, the release is both limited in scope and mutual, and this settlement imposes no confidentiality, non-disparagement, no-rehire, or other similar provisions that have given courts pause in approving FLSA settlements. *See, e.g., Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 U.S. Dist. LEXIS 156754 (M.D. Ga. Nov. 1, 2013) (denying approval of FLSA settlement due to pervasive general release, confidentiality, non-disparagement, no-rehire, and similarly onerous provisions); *see also Roberts v. A Nat'l Limousine Serv.*, No. 1:21-CV-1006-CAP, 2021 U.S. Dist. LEXIS 139222, at *2 (N.D. Ga. May 4, 2021) (denying approval of settlement, ruling "confidentiality provisions are contrary to the purposes of the FLSA"); *Wade v. Rowan Cabinet Co.*, No. 1:14-CV-2206-SCJ, 2015 U.S. Dist. LEXIS 188431, at *3 (N.D. Ga. Oct. 8, 2015) (denying parties' request to file FLSA settlement under seal, requiring public access).

## I.   APPROVAL OF PAYMENT TO PLAINTIFF

There is a strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation in both actions, Defendant has taken the position that Plaintiff was properly classified as exempt when he worked as an AM 2A/3A, but even if held to be non-exempt, Defendant challenges Plaintiff's estimated hours worked, asserts that Plaintiff could not establish a "willful" violation in order to add a third year to his maximum possible recovery period, and contends that even if Plaintiff prevailed, any unpaid damages would have to be calculated by its proposed half-time method (dividing salary by all hours worked, with overtime premiums owed

5

then calculated at only half of that regular rate) based on its contention that Plaintiff's salary was intended to compensate him for all hours worked each week.

Obviously, this misclassification case presented the risk that the Court might rule that Plaintiff was exempt from the overtime laws, based on arguments by Defendant similar to (but disputed as to their applicability here by Plaintiff) those that resulted in a judge within this District ruling that a retail store manager was exempt under the pre-2004 amendment version of the FLSA's executive exemption. *See, e.g., Henderson v. Payless Shoes*, No. CV204-70, 2006 U.S. Dist. LEXIS 7441 (S.D. Ga. Feb. 14, 2006) (granting defendant's motion for summary judgment, ruling retail store manager met executive exemption despite plaintiff's contention that he spent only 5-10% of his working time on exempt-type duties). But as an example of Plaintiff's additional litigation risks in this action, in *Mobley v. Shoe Show, Inc.*, No. CV 2:17-024, 2018 U.S. Dist. LEXIS 213662 (S.D. Ga. Sep. 24, 2018), even though defendant's motion for summary judgment on liability was denied in that retail manager FLSA misclassification case, Judge Wood (i) granted defendant summary judgment that plaintiff failed to prove willfulness, thus barring recovery beyond the default two year statute of limitations period, and (ii) ruled that damages, if any, would be calculated by the (disputed) half-time method that Defendant proposes. Thus, if this Court issued the same ruling on those issues in this case, Plaintiff would have recovered nothing because all of his claims arose within the third year of the limitations period that would only be available to him if he were to prove that a FLSA violation was willful.

Plaintiff has maintained diametrically opposing positions to Defendant's contentions on each of those litigation issues. *See, e.g., Wright v. Rayonier, Inc.*, 972 F. Supp. 1474, 1480 (S.D. Ga. 1997) (denying defendant's motion for summary judgment on executive exemption for supervisor finding genuine issues of fact whether management was plaintiff's primary duty where

she spent 15% of her time on exempt-type duties, and on applicability of third year for willful violation including because defendant's reclassification of the position to non-exempt after reviewing duties performed supports willfulness); *Lee v. Megamart, Inc.*, 223 F. Supp. 3d 1292, 1306 (N.D. Ga. 2016) (holding, in FLSA retail manager exemption misclassification case, "should a jury find that Plaintiff is not exempt from overtime compensation, the Court will not require it to calculate damages using the fluctuating workweek [half-time] method. Instead, the jury must determine what the salary was intended to compensate and calculate overtime compensation accordingly."). The settlement therefore resolves bona fide disputes over potential liability and available damages.

By this settlement, Plaintiff will be paid the same amount per eligible workweek that the named plaintiff in the decertified *Florence* action was paid per eligible workweek in the FLSA settlement previously approved as reasonable by the Georgia district court in that case. (*See Florence* Order [ECF 134] and Stipulated Judgment [ECF 135]; *see also* Declaration of C. Andrew Head filed in support of this Motion ("Head Decl."), ¶ 23).[2] "The fact that a previous settlement using the same formula for similarly situated [plaintiffs] has been approved strongly suggests that it is reasonable here." *Binissia v. ABM Indus.*, No. 13 cv 1230, 2017 U.S. Dist. LEXIS 153686, at *19-20 (N.D. Ill. Sep. 21, 2017). Plaintiff in this re-filed action received a similar (only 5% higher) weekly salary and alleged working overtime hours with the same frequency as the named plaintiff in the *Florence* action. (Head Decl., ¶ 23) The per-workweek amount in *Florence* approximated

---

[2] The statements in Plaintiff's counsel's declaration are those of Plaintiff's counsel and Plaintiff's counsel alone. Defendant need not (and therefore, in an abundance of caution, does not) adopt, ratify, or explicitly agree with the assertions made and positions presented in the declaration of Plaintiff's counsel supporting approval of this settlement and its agreed-upon payment of attorney's fees and costs.

the amount that, if that plaintiff was deemed to be nonexempt, would constitute approximately 87% of her overtime back wages, doubled for full 100% liquidated damages on the back wages amount paid, that would be due for an average 10 overtime hours worked for the full (non-leave) eligible weeks worked, as calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages calculation method that some courts in this Circuit have previously applied on occasion in other FLSA cases alleging misclassification. *Id.* Plaintiff's recovery under this settlement thus falls well within the range of reasonable recoveries for FLSA settlement approval. *See, e.g., Giagnacovo v. Covanta Envtl. Sols., LLC*, No. CV 119-066, 2020 U.S. Dist. LEXIS 72713, at *5-6 (S.D. Ga. Apr. 24, 2020) (approving as reasonable FLSA settlement that paid plaintiff net amount after fees and costs of 15.55% of total claimed unpaid overtime and liquidated damages in FLSA exemption misclassification case); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 U.S. Dist. LEXIS 20446 at *8 (N.D. Ohio Mar. 8, 2010) (opining that recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average).

    Here, the total unpaid overtime wages that would be owed to Plaintiff Kirkland if a jury credited 10 hours of overtime worked in his covered Assistant Manager positions during every week within the FLSA's maximum possible three year statute of limitations, and if damages were calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages method, would be $1,380.40 – and if doubled by an award of full liquidated damages, the total damages amount would be $2,760.80. (Head Decl., ¶ 24) Under the Agreement, without admitting liability, Defendant agrees to pay Plaintiff (net of all attorney's fees and costs) the total gross amount of $2,272.05 ($1,136.03 for back wages, and $1,132.02 for liquidated damages).

Defendant's and Plaintiff's counsel agree that the settlement is a reasonable resolution of disputed issues. *See, e.g., Martinez v. Hospitality*, No. 1:16-cv-1493-WSD, 2017 U.S. Dist. LEXIS 232629, at *6 (N.D. Ga. Jan. 27, 2017) (approving FLSA settlement finding "[t]he parties are represented in this action by experienced employment counsel, who have represented to the Court that the Offers are fair and reasonable") (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'")); *see also* Head Decl., ¶ 19; 4-18) (attesting to experience and expertise of counsel for both parties). The parties therefore request approval of this settlement.

## II.   APPROVAL OF PAYMENT OF FEES AND COSTS[3]

The Agreement provides that Defendant shall pay the amount of $6,129.95 for Plaintiff's attorney's fees and advanced litigation costs and expenses attributable pro rata to his individual

---

[3] Again, Defendant takes no position on any assertions or evidence in the declaration submitted by Plaintiff's counsel in support of approving payment of fees and costs from settlement, and does not thereby *sub silentio* adopt or ratify any part of this Section II or Plaintiff's supporting declaration. Defendant represents that it has agreed to pay attorney's fees, costs and expenses in the amount of $6,129.95 as stated in the Agreement, and it does not object to the Court approving payment of attorney's fees, costs and expenses in the agreed upon amount stated.

claims in *Florence*[4] and to fees and costs incurred in this subsequently refiled action.[5]

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).

Because the Parties specifically agreed on the amount of attorney's fees, costs and expenses to be paid to Plaintiff's counsel from settlement of his individual claims, the Court is not being asked to decide for the parties the amount of attorney's fees and/or costs that the defendant should be required to pay (as it would on a Rule 54 motion to determine and award attorney's fees). Instead, the Court is deciding whether to approve the parties' contractual agreement. Under the Agreement, Defendant contractually agreed to pay $6,129.95 for Plaintiff's attorney's fees, costs and expenses of litigation.[6]

---

[4] Plaintiff contends that opt-in plaintiffs who were dismissed without prejudice by decertification of a conditionally certified collective action may recover, in their refiled action, their attorney's fees incurred in that prior action, including their pro rata share of attorney's fees expended in discovery that benefitted their claims by uncovering facts related to their claims. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 576 (6th Cir. 2009). The Sixth Circuit subsequently affirmed the district court's award of fees incurred before decertification in the prior action to the decertified opt-ins upon accepting Rule 68 offers of judgment in their refiled action, calculated on a pro rata basis (6 refiled plaintiffs divided by all 38 named and opt-in plaintiffs before decertification) because plaintiffs' counsel failed to provide the court with sufficient information allowing for more detailed allocation. *See Dellarussiani v. Ed Donnelly Enters.*, 468 F. App'x 479, 485 (6th Cir. 2012) ("Inasmuch as these [discovery] efforts [in the prior action] ultimately contributed to the judgment in [refiled opt-in]s' favor—albeit, pursuant to [defendant]'s Offer—there undeniably was some benefit to [refiled opt-in]s.").

[5] Plaintiff's recoverable litigation costs attributable to litigation of his individual claims in this action include, among other expenses, the $400 filing fee.

[6] It is well settled that parties may specifically contract for an award of non-taxable costs in their settlement agreements, as long as the contractual authorization is "explicit." *Crawford Fitting Co. v. J.T. Gibbons Inc.*, 482 U.S. 437, 441 (1987) (costs to be awarded are not limited to those listed in 28 U.S.C. § 1920 where, as here, there is "contractual authorization for the taxation of the expenses" by the parties' agreement); *accord Mukamal v. Swire Pac. Holdings, Inc.*, No. 08-

After the Court's Order decertifying the conditionally certified collective action, this case was refiled as an individual overtime case rather than a collective action under the FLSA. The Agreement specifically provides for a payment amount to Plaintiff in settlement of his overtime back pay and liquidated damages, and a separate payment to his counsel in settlement of the amount of attorney's fees, costs and expenses incurred on Plaintiff's claims. Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), in a single-plaintiff FLSA settlement the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

*See also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 U.S. Dist. LEXIS 16135, at *10 (M.D. Fla. Feb. 20, 2007) ("The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.").

---

23444-CIV, 2011 U.S. Dist. LEXIS 165662, at *21 (S.D. Fla. July 29, 2011) (awarding costs and expenses not limited to those enumerated by § 1920, holding costs that may be awarded are not limited to taxable costs enumerated in § 1920 if there is explicit contractual authorization to pay costs and expenses); *Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV-GRAHAM-GOODMAN, 2011 U.S. Dist. LEXIS 164563, at *13 (S.D. Fla. May 20, 2011) (approving payment of costs from FLSA settlement including those non-taxable under § 1920 as reasonable and allowable under *Crawford Fitting* because term "costs" in settlement agreement should be given its ordinary meaning and should not read as limited only to taxable costs available under § 1920).

11

Regardless, the reasonableness of Plaintiff's individual net recovery from settlement – approximately 82% of maximum possible overtime wages for an average 10 overtime hours per full week, doubled for 100% liquidated damages, if applying Defendant's proposed (but disputed) half-time calculation method – demonstrates that the Plaintiff's net recovery was not adversely affected by the amount paid for fees and costs incurred on Plaintiff's individual claims throughout over two years of disputed litigation. *See, e.g., McGee v. Family Dollar Stores of Fla., Inc.*, No. 14-14370, 2016 U.S. Dist. LEXIS 99529, at *3 (S.D. Fla. May 18, 2016) (finding a settlement amount of "just $23.00 short of '[t]he actual amount of back wages owed under the half-time theory'" urged by defendant in that exemption misclassification case falls within caselaw holding that full recovery by settlement obviates the need for reviewing fees for reasonableness).

Moreover, Defendant has contractually agreed to, and does not oppose the amount (or reasonableness of the amount) of the attorney's fees, costs and expenses to be paid to Plaintiff's counsel. *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

The amount paid from settlement for attorney's fees, costs, and expenses is also reasonable because Plaintiff's claims were intensely litigated, vigorously defended, and hotly disputed throughout over two years of litigating Plaintiff's claims in two federal court actions before the parties resolved Plaintiff's individual claims. *See, e.g., Lunsford v. Woodforest Nat'l Bank*, No. 1:12-cv-103-CAP, 2014 U.S. Dist. LEXIS 200716, at *20 (N.D. Ga. May 19, 2014) (*citing Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) (approving fees from settlement where court had "no doubt that this case has been adversarial")).

Finally, because the amount of attorney's fees and costs to be paid to Plaintiff's counsel under the Agreement constitutes more than a 50% reduction from the lodestar amount of attorney's fees incurred and litigation costs advanced in litigating Plaintiff's individual claims in *Florence* and subsequently in this refiled action, the amount to be paid for attorney's fees and costs is reasonable. (Head Declaration, ¶ 43; *see also* ¶¶ 29-42); *see, e.g., Rodriguez v. City Pinestraw & Harvesting, LLC*, Civil Action No. 2:20-cv-00093-LGW-BWC, 2021 U.S. Dist. LEXIS 45185 (S.D. Ga. Mar. 10, 2021) (approving joint motion for FLSA settlement approval, finding settlement terms fair including $27,184.18 attorney's fee amount constituting approximately 50% of actual lodestar from total attorney hours expended at hourly rates of $525 for attorney with 24 years of practice and $300 for attorney with over 10 years of practice (noting that $300 rate was "likely below the current hourly rate for counsel of comparable skills, experience and reputation")); *Burroughs v. Honda Mfg. of Ala., LLC*, 3 F. Supp. 3d 1277, 1296 & n.11 (N.D. Ala. 2014) (approving attorney's fees from collective action settlement, finding fee payment from settlement at a 52% reduction from lodestar "clearly is reasonable on its face," noting "[i]t is true that this [$1,621 per plaintiff] fee award is greater than the recovery many plaintiffs will receive, but this is not unusual in any FLSA case…[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.") (citations omitted).

Therefore, consistent with prior decisions from this district approving, from settlement of a plaintiff's individual claims, the amount of attorney's fees and costs provided under the FLSA settlement agreement on a record of the representations by counsel as presented here,[7] the Parties

---

[7] *See, e.g., Giagnacovo v. Covanta Envtl. Sols., LLC*, No. CV 119-066, 2020 U.S. Dist. LEXIS 72713, at *8-9 (S.D. Ga. Apr. 24, 2020) (approving attorney's fees paid from FLSA settlement based on counsel's representation of hours worked without requiring counsel to provide billing timesheets).

13

seek approval of payment of fees and costs to Plaintiff's counsel in the amounts stated in the Agreement by entry of stipulated judgment.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the proposed Order attached hereto approving the Agreement attached hereto as Exhibit 1.

Respectfully submitted this 16th day of December, 2021.

| | |
|---|---|
| */s/ C. Andrew Head* | */s/ Christopher Bentley* |
| C. Andrew Head, GA Bar No. 341472 | Kevin D. Johnson |
| Bethany Hilbert (admitted pro hac vice) | Florida Bar No.: 0013749 |
| HEAD LAW FIRM, LLC | Christopher M. Bentley |
| 4422 N. Ravenswood Ave. | Florida Bar No.: 052616 |
| Chicago, IL 60640 | JOHNSON JACKSON LLC. |
| T: (404) 924-4151 | 100 N. Tampa St., Suite 2310 |
| F: (404) 796-7338 | Tampa, FL 33602 |
| E: ahead@headlawfirm.com | Telephone: (813) 580-8400 |
| bhilbert@headlawfirm.com | Facsimile: (813) 580-8407 |
| | Email: kjohnson@johnsonjackson.com |
| Attorneys for Plaintiff | cbentley@johnsonjackson.com |
| | |
| | Sarah H. Lamar |
| | Georgia Bar No.: 431185 |
| | HUNTER MACLEAN |
| | 200 E. Saint Julian Street |
| | P.O. Box 9848 |
| | Savannah, GA 31412 |
| | Telephone: (912) 236-0261 |
| | Facsimile: (912) 236-4936 |
| | Email: slamar@huntermaclean.com |
| | |
| | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 16, 2021, the foregoing JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Kevin D. Johnson
Christopher Bentley
Sarah H. Lamar

*s/ C. Andrew Head*
C. Andrew Head